UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRUBER HURST JOHANSEN & HAIL, LLP, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:07-CV-1410-G |
| HACKARD & HOLT, ET AL., | ) ) | **ECF** |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, Hackard & Holt, Theodore J. Holt, and Michael A. Hackard (collectively, "the defendants" or "Hackard & Holt"), to dismiss or, alternatively, for change of venue ("Motion to Dismiss"). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

This case arises out of an alleged breach of contract. The defendants retained the plaintiff law firm, Gruber Hurst Johansen & Hail, LLP ("Gruber Hurst"), to represent them in a lawsuit filed in the Northern District of Texas entitled *Todd Lindley, et al. v. Hackard & Holt, et al.* ("the *Lindley* lawsuit"). *See* Defendants' Notice

of Motion and Motion to Dismiss or, Alternatively, for Change of Venue Pursuant to Rule 12(b)(2) and (3) and Brief in Support Thereof ("Motion to Dismiss") at 2. The defendants did not choose the forum for the *Lindley* lawsuit, but were haled into court as a result of the *Lindley* plaintiffs' selection of the forum. *Id.* On February 28, 2006, Holt, on behalf of the defendants, accepted Gruber Hurst's services by signing a written attorneys' fees agreement at the plaintiff's offices in Dallas, Texas. *See* Plaintiff Gruber Hurst Johansen & Hail, LLP's Response to Defendants Hackard & Holt, Theodore J. Holt and Michael A. Hackard's Motion to Dismiss or, Alternatively, For Change of Venue Pursuant to Rule 12(b)(2) and (3) and Brief in Support ("Plaintiff's Response") at 3. On February 12, 2007, the court granted the plaintiff's motion to withdraw as counsel for defendants in the *Lindley* case. *Id.* Before that withdrawal, however, the plaintiff performed services for the defendants in Texas, including drafting and responding to motions, review of discovery, conferences with opposing counsel, representation of the defendants at hearings, and multiple conferences with the defendants. *Id.*

## II. ANALYSIS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. *The Factual Standard:  A* Prima Facie *Case*

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's

jurisdiction over the nonresident.  *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999).  If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a *prima facie* case for personal jurisdiction.  *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.

The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff.  *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.  In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods.  *Allred v. Moore & Peterson*, 117 F.3d 278, 281(5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985).

2.  *The Legal Standard*

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution.  *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).  A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that he would be amenable to the jurisdiction of a state court in the same forum.  *Pedelahore v.*

*Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction. *Id*. Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal due process inquiry. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n.1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.* (Vernon 1997) (Texas long-arm statute).

### 3. *Due Process Requirements*

Due process requires the satisfaction of two elements to exercise personal jurisdiction over a non-resident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on his part such that the nonresident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them]

to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

To establish minimum contacts with the forum, a nonresident defendant must do some act by which he "purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, the unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *Burger King*, 471 U.S. at 474 (quoting *Hanson*, 357 U.S. at 253); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (citing *Kulko v. California Superior Court*, 436 U.S. 84 (1978); *Hanson*, 357 U.S. at 253). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of *in personam* jurisdiction may be exercised over a nonresident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *J.R. Stripling v. Jordan*

*Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and citations omitted). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corporation v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1015 (1987). General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 415-16.

Under either a specific or general jurisdiction analysis, however, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374

(5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n.18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

A court must consider all factors when making the purposeful availment inquiry -- "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982); see also *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 884 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994).

4.  *Discussion*

a.  Minimum Contacts

There is a significant connection between the defendants, Texas, and Gruber Hurst's claim that permits the exercise of specific jurisdiction in this case. The plaintiff has submitted the affidavit of Elizabeth K. Hameline ("Hameline") in support of its *prima facie* case. The Hameline affidavit establishes that the defendant Theodore J. Holt ("Holt") traveled to Dallas on February 28, 2007, for the purpose of retaining Gruber Hurst to represent himself and the other defendants in the *Lindley* lawsuit. He signed the retainer agreement, which was to be performed in Dallas, in

the plaintiff's office in Dallas.  Most of the work done by Gruber Hurst under the retainer agreement was performed in Dallas.  Although Hameline traveled to California on one occasion to meet with the defendants for two days, the other five attorneys and three paralegals at Gruber Hurst who performed work under the retainer agreement did so in Texas.[1]

The place where the contract is to be performed is a weighty consideration. *Command-Aire Corp v. Ontario Mechanical Sales and Service Incorporated*, 963 F.2d 90, 94 (5th Cir. 1992).  Here, the place of performance was clearly Texas.

The defendants' contacts with Texas were not, in the language of *Burger King*, 471 U.S. at 480, "random," "fortuitous," or "attenuated."[2]  Rather, the defendants entered into a contract for the plaintiff to perform services for them in Texas because they needed representation in the *Lindley* lawsuit.  Taking into account Holt's physical presence in Texas to sign the retainer agreement, the course of dealing among the parties, and the language of the retainer agreement, the court finds that

---

[1] Holt also appeared at a hearing in Dallas on February 28, 2007, before Magistrate Judge Irma C. Ramirez of this court, in which he and the other defendants were represented by attorneys from Gruber Hurst.  *See* Transcript of Hearing on Motion for Sanctions Before Hon. Irma C. Ramirez at 16-28, *located in* Appendix in Support of Plaintiff's Response to Defendants' Motion to Dismiss at App026-App038.

[2] The defendants' contacts with Texas were not fortuitous.  They employed the plaintiff *because* they required representation in the *Lindley* lawsuit, a case pending in this court.  *See* Plaintiff's Response at 2-3.

Gruber Hurst has established a *prima facie* case of minimum contacts between the defendants and Texas.

b.  Fair Play and Substantial Justice

To determine whether personal jurisdiction comports with fair play and substantial justice, the court must examine a number of factors, including:  (1) the defendants' burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the interstate judicial system's interest in efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 113 (1987).  As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Enviro Petroleum, Inc. v. Kondur Petroleum*, 79 F.Supp.2d 720, 725 (S.D. Tex. 1999) (quoting *Burger King*, 471 U.S. at 277).  In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (quoting *Guardian Royal Exchange Assurance, Limited v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).  Hackard & Holt offer the conclusory statement that "it is fundamentally unfair to now hale Hackard & Holt into a Texas court when the agreement did not contemplate Hackard & Holt's activities in the State of Texas."

Gruber Hurst has established a *prima facie* case of minimum contacts between the defendants and Texas.

b.  Fair Play and Substantial Justice

To determine whether personal jurisdiction comports with fair play and substantial justice, the court must examine a number of factors, including:  (1) the defendants' burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the interstate judicial system's interest in efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 113 (1987).  As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Enviro Petroleum, Inc. v. Kondur Petroleum*, 79 F.Supp.2d 720, 725 (S.D. Tex. 1999) (quoting *Burger King*, 471 U.S. at 277).  In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (quoting *Guardian Royal Exchange Assurance, Limited v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).  Hackard & Holt offer the conclusory statement that "it is fundamentally unfair to now hale Hackard & Holt into a Texas court when the agreement did not contemplate Hackard & Holt's activities in the State of Texas."

Motion to Dismiss at 8. Such an assertion is not enough to create a compelling case that personal jurisdiction would be unreasonable in this case.

Turning now to the factors articulated in *Asahi*, the court finds that the burden on the defendants is minimal. At least one of the defendants, Holt, has already traveled to Texas for the purposes of the *Lindley* lawsuit,[3] and they have once again been able to retain local counsel to represent them in this case. *See* Motion to Dismiss at 10. Furthermore, the State of Texas has a substantial interest in regulating the manner in which Texas attorneys may contract with clients and the extent of their rights under such contacts. See generally *Middlesex County Ethics Committee v. Garden*, 457 U.S. 423, 434 (1982); *Kelly v. MD Buyline, Inc.*, 2 F. Supp.2d 420, 432 (S.D.N.Y. 1998). The plaintiff is a Texas law firm, and providing a local forum for the resolution of disputes such as the one before this court certainly comports with "fair play and substantial justice." The assertion of personal jurisdiction by this court is fair and safely within the limits imposed by due process. As a result, the defendants' motion to dismiss for lack of personal jurisdiction is denied.

---

[3] Holt asserts that he does "not recall traveling to Dallas, Texas, in furtherance of the retainer agreement." Affidavit of Theodore J. Holt in Support of Defendants' Notice of Motion and Motion to Dismiss ¶ 6. His recollection is contradicted by Elizabeth K. Hameline, *see* Declaration of Elizabeth K. Hameline at 1-2, and by the transcript of the hearing before Magistrate Judge Ramirez. The court resolves factual conflicts on a motion such as this in favor of the plaintiff. *See* page 3 above.

### B. Motion To Dismiss for Improper Venue

The defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 753 (S.D. Tex. 2002). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 2007 WL 1425851, at *2 (5th Cir. May 11, 2007) (citing *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). Venue in this case is governed by 28 U.S.C. §1391(a)(2), which states in relevant part that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Venue is proper because a substantial part of the events occurred in this district. These events include the signing of the contract forming the basis of the plaintiff's suit and the defendants' retention of the plaintiff for representation in this district. The court finds that venue in this district is proper.

### C. Transfer of Venue

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might

have been brought." 28 U.S.C. § 1404(a). As a threshold matter, the language of Section 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought. *Illinois Union Insurance Company v. Tri Core, Inc.*, 191 F.Supp.2d 794, 797 (N.D. Tex. 2002). Such a district "is one in which upon commencement of the suit the plaintiff ha[d] a right to sue independently of the wishes of the defendant." *Independent Fish Company v. Phinney*, 252 F.Supp. 952, 953 (W.D. Tex. 1966) (citing *Hoffman v. Blaski*, 363 U.S. 335 (1960)). The first question is whether or not the Eastern District of California would have been a proper venue for this lawsuit. A diversity suit may be brought in any "judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. §1391(a)(1). Accordingly, venue would be proper in the Eastern District of California because all the defendants are California residents, and because Hackard & Holt is located in the Eastern District of California. Affidavit of Theodore J. Holt in Support of Defendants' Notice of Motion and Motion to Dismiss ¶¶ 1, 3. Though the defendants have satisfied the first part of the inquiry, more must be shown to warrant a transfer of venue.

The plaintiff's choice of forum is entitled to deference which requires that the party seeking transfer "must show good cause" that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *In re Volkswagen of America, Inc.*, 2007 WL 3088142, at *7 (5th Cir. Oct. 24, 2007). This means that

the court should only order a transfer when the "transferee forum is clearly more convenient." *Id.* The court should "consider a number of private and public interest factors" when considering a motion to transfer. *Id.* at *3. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of the law." *Id.*

The defendants argue that their material witnesses reside in California and would benefit from a transfer of venue. Defendants' Reply at 2. They cite several cases for the point that the residence of key witnesses is the most important factor to be considered in deciding whether to transfer venue. Defendants' Reply at 3. All of the witnesses listed by the defendants are either current/former employees or independent contractors for Hackard & Holt. Affidavit of Theodore J. Holt in Support of Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss ¶¶ 4-6. Where key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at

the court should only order a transfer when the "transferee forum is clearly more convenient." *Id.* The court should "consider a number of private and public interest factors" when considering a motion to transfer. *Id.* at *3. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of the law." *Id.*

The defendants argue that their material witnesses reside in California and would benefit from a transfer of venue. Defendants' Reply at 2. They cite several cases for the point that the residence of key witnesses is the most important factor to be considered in deciding whether to transfer venue. Defendants' Reply at 3. All of the witnesses listed by the defendants are either current/former employees or independent contractors for Hackard & Holt. Affidavit of Theodore J. Holt in Support of Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss ¶¶ 4-6. Where key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at

trial. *Frost v. ReliOn, Inc.*, 2007 WL 670550, at *4 (N.D. Tex. Mar. 2, 2007). Accordingly, while the Eastern District of California may provide a more convenient forum for the defendants' witnesses, Hackard & Holt can compel its employees to testify in Texas, and transferring this case would simply shift expenses from one party to the other. Moreover, because potential witnesses are located in both venues and because each party would incur substantial expense in presenting witnesses in the other forum, this factor does not weigh in favor of a transfer.

The only other argument made by the defendants is that the sources of proof are located in California, making them more accessible in the Eastern District of California. Defendants' Reply at 5. This factor is accorded little weight because "technological advances" have made the physical location of evidence less important. *Frost* at *4. Therefore, this factor does not favor transfer.

Since the defendants have failed to present any arguments concerning any of the other factors, the court will assume that they are either neutral or do not favor transfer. Having fully considered the equities in this case, the court concludes that none of the evidence or arguments presented by Hackard & Holt are sufficient to outweigh the plaintiff's choice of forum. Therefore, the motion to transfer is denied.

### III. CONCLUSION

For the reasons stated above, Hackard & Holt's motion to dismiss is **DENIED**, and the motion to transfer venue is **DENIED**.

**SO ORDERED**.

January 15, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**